Ulrich v. Knickerbocker Ice Co., 191 Ill. App. 337.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 132*—*simplicity of tool as relieving from duty to inspect.* A maul for driving boards into the earth is a simple tool so that no duty is imposed upon the master to inspect it for defects.

2. MASTER AND SERVANT, § 132*—*sufficiency of repair and inspection of tool.* Evidence *held* not only to negative any knowledge on the part of the master that a maul used for driving boards was defective and unsafe when direction was given to use it, but affirmatively to show that the maul had been recently repaired and that the master had every reason to believe it to be in a reasonably safe condition for use.

## Herman Ulrich by Augusta Ulrich, Appellee, v. Knickerbocker Ice Company, Appellant.

### Gen. No. 19,313.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed with finding of fact. Opinion filed February 3. 1915.

## Statement of the Case.

Action by Herman Ulrich, a minor, by his next friend, Augusta Ulrich, against Knickerbocker Ice Company, a corporation, to recover for personal injuries. From a judgment for twenty-two hundred and fifty dollars against defendant in favor of plaintiff, defendant appeals.

The declaration alleged that on December 1, 1909, plaintiff, aged fourteen years, was lawfully walking upon and along Archer avenue, near its intersection with Blake street; that the defendant was then and there possessed of an ice wagon and of horses drawing the same, which were then and there under the care

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of certain servants of the defendant who were then and there driving the same upon and along said Archer avenue near its intersection with said Blake street; that it became and was the duty of the defendant by its said servants to drive, manage and control the said horses so attached to said ice wagon with reasonable care, along and upon said street, and not wantonly, maliciously and wilfully strike at persons who might then be walking upon said street, yet the defendant did not regard its duty in that behalf, but on the contrary thereof, by its said servants, wantonly, maliciously and wilfully struck at the plaintiff, who was then lawfully upon said street with all due care and caution for his own safety, with the whip, then and there in the hands of the servant of the defendant, causing the plaintiff in his endeavor to escape the said blow so directed at him to jump out of the reach of the said whip, and in so doing the rope which was attached to the plaintiff's arm caught in the wheel of the defendant's wagon, throwing the plaintiff down to and upon the ground there, dragging him along said street so that he sustained severe internal and external injuries, etc.

The evidence introduced on behalf of plaintiff showed that plaintiff was then about fourteen years and two months of age. While returning from an errand on which he had been sent by his mother in company with his cousin, who was then about nine years and ten months old, they had crossed the street car tracks in Archer avenue, in a southerly direction, and plaintiff was standing about midway between the south or east-bound track and the south curb swinging a lasso over his head preparatory to throwing it at his cousin, who was then some eight or nine feet ahead of him, the lasso being tied about plaintiff's left wrist. The defendant's ice wagon was coming from the south towards them and when it reached the place where the

boys were the driver of the team, who was sitting on the side nearest the boys, cursed the boys and struck the plaintiff over the back with a whip, causing the plaintiff in his sudden fright to let go of the lasso which he had been swinging over his head and causing it to fly onto the hub of the right hind wheel of the defendant's wagon. As the wagon went on it wound the lasso around the hub, drawing the plaintiff up into the wheel, breaking the plaintiff's arm in several places. There was no pretense that the plaintiff was, at the time in question, attempting to get upon the wagon or that he was obstructing or attempting to obstruct or interfere with its movement, or that defendant's servant struck the plaintiff for the purpose of preventing the latter from doing any like act, or in retaliation of anything the plaintiff had done or had threatened or purposed to do.

QUIN O'BRIEN and O. A. ARNSTON, for appellant; JOHN P. MCKINLEY, of counsel.

JOSEPH A. WEBER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 846*—*when an act not within the scope of employment*. Where a servant commits an act which causes injury to another, the master is not liable if the servant in causing the injury, is not acting within the general scope of his employment, and while engaged in his master's business with a view to the furtherance of that business.

2. MASTER AND SERVANT, § 846*—*acts not within the scope of employment*. Where a driver of a wagon for his master struck a boy across the back with his whip, while the latter was playing with another boy with a rope as a lasso, no attempt being made to interfere with the driver or the movement of his wagon, *held* to be an act not within the scope of the servant's employment such as to permit recovery for damages for injuries received as against the master.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.